A. J. BEHRENDS V. FREDERICK BEYSCHLAG.

FILED JANUARY 8, 1897.    No. 6917.

1. **Instructions**: ASSIGNMENTS OF ERROR. Alleged errors in giving instructions must be specifically assigned in the motion for a new trial. Where made in gross and any one of the instructions is determined to be without error, the whole assignment will be overruled

2. ——: REPETITIONS. It is not error to refuse to give an instruction where its subject-matter has been embraced in the charge to the jury.

3. Sales: DELIVERY: PAYMENT. A contract of sale of corn stated the price and also the time and place of delivery, but did not provide specifically time, place, or manner of payment. *Held,* That delivery and payment were to be concurrent acts, and the vendor could insist on payment in cash or money, in the strict sense of the term "current funds."

4. ——: ——: ——. *Held further,* That it was not necessary for the vendee to have had, at any one time or on any one day of the time assigned for the delivery of the corn, sufficient money at the place of delivery to pay for all the corn, the subject of the contract. It was sufficient if, during the whole of such time, he was able, willing and ready to pay for the corn in the manner contemplated by the contract, if delivered.

5. Bill of Exceptions: STIPULATION FOR ALLOWANCE. A stipulation in the terms, "It is hereby agreed that the clerk of the district court sign this bill of exceptions, instead of the judge who presided at the trial of this case," *held* sufficient to authorize the party therein designated to sign and settle the bill of exceptions; that the words "this bill of exceptions," in such stipulation, were equivalent to an agreement that the document to which the stipulation was attached was a true bill of exceptions.

6. ——: AUTHENTICATION. To entitle a bill of exceptions to consideration in this court it must be authenticated by the certificate of the clerk of the trial court identifying it as the bill of exceptions.

ERROR from the district court of Nemaha county. Tried below before BABCOCK, J.  *Affirmed.*

*E. W. Thomas* and *A. J. Burnham*, for plaintiff in error.

*John S. Stull, contra.*

HARRISON, J.

The defendant in error commenced this action in the district court of Nemaha county to recover of plaintiff in error the amount which he claimed had become his due as damages by reason of an alleged breach of a contract of sale of some corn, by the failure, on the part of plaintiff in error, to deliver the corn. The contract of sale, as pleaded, was as follows:

"NEMAHA CITY, NEB., March 23, 1891.

"This is to certify that I have this day sold to F. Beyschlag, to be delivered at Johnson, Nebraska, three or four thousand bushels of good merchantable white corn, at fifty-two cents per bushel, to be delivered within fifteen days from date, March 23, 1891.

"(Signed)                              A. J. BEHRENDS."

An answer was filed for plaintiff in error which contained a general denial, and certain affirmative statements of matters in regard to transactions alleged to have occurred in respect to the sale of the corn, between the plaintiff in error and an agent of defendant in error, and of other facts relied on as constituting defenses to the cause of action pleaded in the petition, but which need not be quoted or stated in substance. A reply was presented for defendant in error, and as a result of a trial the defendant in error was awarded a verdict and judgment. Of the proceedings during the trial the plaintiff in error now asks a review.

The first alleged error to which attention is directed in the brief filed for plaintiff in error is that instruction numbered 9, prepared and requested by defendant in error and read to the jury, was incorrect and should not have been given. The portion of the motion for a new trial in which complaint in relation to this instruction was contained reads as follows: "Because the court erred in giving the following instructions requested by plaintiff, to-wit: Instruction No. 1, instruction No. 4, instruction No. 5, instruction No. 6, instruction No. 7, instruction No. 8, instruction No. 9, instruction No. 10." The instruction numbered 1, to which reference was made in the branch of the motion for new trial which we have just quoted, was correct, as were some others in the list set out. As the assignment was not separate and specific but *en masse*, and one or more of the instructions referred to have been determined to be without error, the assignment is unavailing and is overruled.

It is urged that the court erred in refusing to give in its charge to the jury instructions numbered 2 and 6 prepared and presented in behalf of plaintiff in error.    The instructions last mentioned were as follows: `

"2. The jury are instructed that Behrends was not bound to deliver the corn at the time and place named in the contract unless he received the pay therefor in money and in cash.    He was under no obligation to take therefor a check, or draft, or anything that was not legal tender money.    He was entitled to receive such pay immediately on delivering the corn."

"6. The court instructs the jury that if you find from the evidence that plaintiff was not ready, and willing, and able to pay for 3,000 bushels of corn at Johnson at the time fixed for the delivery thereof by the contract, then defendant was not bound to deliver the corn at that place, and in that event your verdict should be for defendant."

Of the one of these instructions numbered 6, suffice it to say that the matter embraced in its terms had been fully and completely covered in other instructions. given in the charge of the court to the jury, hence there was no error in the refusal to read it.    (*Beavers v. Missouri P. R. Co.*, 47 Neb., 762.)    By the instruction numbered 2 requested to be given for the plaintiff in error, and refused by the court, it was sought to impress upon the minds of the jury the idea that no delivery of the corn as contracted was necessary unless payment for it was made in money, in the strict meaning of the term, or would follow its delivery.    The same proposition was embraced in an instruction prepared and presented on the part of the plaintiff in error, and read by the court to the jury, as a portion of the charge.    By it the information was conveyed that if the evidence disclosed that in the event plaintiff in error had taken the corn to the place and at the time designated for delivery, and the vendee was not able, willing, and ready at such time and place to pay

therefor "in cash," the verdict should be for plaintiff in error. The word cash, used in the connection in which it appears in the instruction thus given, could have or be given no other meaning than that of coin, or current money as opposed to payment in any other manner, as by check or draft, etc. The contract of sale of the corn did not in terms provide for payment in any particular manner or medium, nor when nor where payment was to be made, and it must be construed that delivery of the corn, and payment therefor, were to be concurrent acts, and doubtless the plaintiff in error, had he delivered the corn, would have been entitled to receive payment for it in cash, or currency, money in the strict meaning of the term, and not by either check or draft, unless he chose to do so. (*Walters v. Reed*, 34 Neb., 544.) But it was not obligatory upon the defendant in error to have had, during all the days assigned by the contract for the delivery of the corn, or any one of such days, an amount of money in Johnson, the place of delivery, necessary to pay in full for all the corn of which the sale to him was contemplated by the contract. "It was sufficient * * * that he was able and ready to make payment if the corn had been delivered." (*Mount v. Lyon*, 49 N. Y., 552.) The court having given instructions on the subject of payment, and in what it should be made, if, by delivery of the corn, payment had become the vendor's due, it did not err in its refusal to read to the jury the instruction numbered 2, proffered by plaintiff in error.

It is contended by counsel for defendant in error that there is no bill of exceptions in this case; that what purports to be such bill was not signed and settled by the judge who presided at the trial of the cause, but was signed by the clerk of the district court, he being without authority for such action. What appears in the record as a bill of exceptions was not signed by a judge, but was signed by a clerk of the district court, presumably pursuant to the following stipulation:

"It is hereby agreed that the clerk of the district court sign this bill of exceptions instead of the judge, who presided at the trial of this case.

"Dated this 5th day of March, 1894.

"A. J. BURNHAM AND

"E. W. THOMAS.

"*Attorneys for Defendant.*

"JOHN S. STULL,

"*Of Counsel for Plaintiff.*"

Counsel for both parties having signed the foregoing stipulation, must be held to have adopted and approved the fair construction of its terms, and we think it not a strained meaning, but the fair import, of the phrase "this bill of exceptions" to be that the document to which it had reference was in fact what it was designated, the bill of exceptions; that this was in fact an agreement that it was the bill of exceptions; that this was sufficient, viewed as an agreement, to bring it within the requirements of section 311 of the Code of Civil Procedure, wherein it is stated: "Where the parties interested shall agree upon the bill of exceptions (and shall have attached a written stipulation to that effect to the bill), it shall be the duty of the clerk to settle and sign the bill." (*Fire Ass'n of Philadelphia v. Ruby,* 49 Neb., 584.)

It is further contended in this connection that the bill of exceptions was not authenticated by the certificate of the clerk of the district court as required by law, and hence is not entitled to consideration. The certificate of the clerk of the court, attached to the record, is as follows: I, Ed. Juel, clerk of the district court in and for said county and state, do hereby certify that the foregoing is a true and compared copy of the complete record in the case of Frederick Beyschlag v. A. J. Behrends, as the same appears of record in Complete Record 15, pages 586 to 596, inclusive, and also of the instructions given and instructions refused (they being inserted in the transcript in their proper order), as the same appears

on file in my office." There is no reference in the certifi-
cate, of which the foregoing is a copy, to the bill of excep-
tions, as it is no part of the complete record in a case
in the district court. (See Code of Civil Procedure, sec.
446.) The bill of exceptions was not authenticated and
thus identified by the clerk of the district court, hence
was not entitled to be considered in this court. (*Felber
v. Gooding*, 47 Neb., 38; *Romberg v. Fokken*, 47 Neb., 198;
*Romberg v. Hediger*, 47 Neb., 201; *Wood Mowing & Reaping
Machine Co. v. Gerhold*, 47 Neb., 397.) It follows that the
judgment of the district court must be

AFFIRMED.