PHILIP MENSINGER, APPELLANT, V. AINSWORTH LIGHT & POWER COMPANY, APPELLEE.

FILED OCTOBER 17, 1913. No. 17,346.

1. Appeal: CONFLICTING EVIDENCE. In an action at law for damages, a controverted issue of fact is a question for the jury, and, when they pass on evidence which is substantially conflicting, their finding in that respect will not be set aside on appeal unless clearly wrong.

2. ———: BRIEFS. On appeal, an assignment that there was error in admitting evidence may be disregarded, where appellant in his brief fails to point out the pages in the abstract or bill of exceptions where the challenged ruling may be found.

3. Harmless error in instructions is not a ground for reversing a judgment.

APPEAL from the district court for Brown county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*Weaver & Giller* and *J. A. Douglas,* for appellant.

*A. W. Scattergood, contra.*

ROSE, J.

This is an action to recover damages in the sum of $1,950 for breach of a written contract obligating plaintiff

33

to furnish meals for each of defendant's employees at the rate of $4 a week. Defendant's workmen were employed to construct a dam at Plum Creek, northwest of Ainsworth, and the contract for their meals covered the entire period of construction. Plaintiff agreed "to furnish all necessary provisions and all necessary help and to furnish three good, substantial meals each day in the mess room." When the contract was partially performed, defendant terminated it without the consent of plaintiff, and the damages sought are the profits of full performance. The substance of the defense pleaded is that plaintiff failed and refused to furnish good, substantial meals for defendant's workmen, but, in violation of his contract, furnished uneatable, spoiled, soured and worthless food, and thus compelled defendant to cancel the contract and thereafter to run its own boarding-house. From judgment on a verdict in favor of defendant, plaintiff has appealed.

The first assignment of error will be disregarded, because it relates to the admission of evidence, and plaintiff in his brief has not pointed out the pages of the abstract or bill of exceptions, where the challenged ruling may be found. *Whitney v. Broeder, ante,* p. 305.

The next point is that the evidence is insufficient to sustain the verdict. There is sufficient competent testimony, if believed by the jury, to support a finding that plaintiff did not furnish the kind of meals required by his contract and to justify a rescission by defendant for that reason. On this issue the evidence was substantially conflicting. The question was therefore one of fact for the jury, and their verdict, not clearly appearing to be wrong, settles it in favor of defendant.

The final argument is directed to a criticism of two instructions on the ground that they do not correctly state the measure of plaintiff's damages. The verdict in favor of defendant was necessarily a finding that plaintiff did not comply with his agreement to furnish good, substantial meals and that he was not entitled to a recovery. The jury, therefore, never reached the question as to the meas-

ure of damages. It follows that plaintiff was not prejudiced by the instructions on that subject, and that they do not require a reversal, even if they are erroneous, a question not decided.

AFFIRMED.

REESE, C. J., LETTON and FAWCETT, JJ., not sitting.