HARVEY H. EDWARDS, APPELLEE, V. HASTINGS DISTRIBUTING
COMPANY ET AL., APPELLANTS.

FILED FEBRUARY 16, 1922. No. 21958.

1. **Appeal:** BRIEFS. "On appeal, an assignment that there was
error in admitting evidence may be disregarded, where appellant
in his brief fails to point out the pages in the abstract or bill of
exceptions where the challenged ruling may be found." *Men-
singer v. Ainsworth Light & Power Co.*, 94 Neb. 465.

2. ———: CONFLICTING EVIDENCE. Where the evidence conflicts
with respect to material matter, the verdict will not be set aside
if there is sufficient evidence to support it.

3. **Sales:** RIGHT OF POSSESSION. "Where the time of payment is not
fixed by the contract of sale, the law presumes a cash sale, and,
while title may have passed to the buyer, he is not entitled to
possession until the full purchase price has been paid or ten-
dered." *Baker v. McDonald*, 74 Neb. 595.

4. ———: CONTRACT: RESCISSION. A contract for the sale of seven
car-loads of potatoes did not fix the time of payment. The cars
were severally shipped in instalments. Defendant paid for the
first three cars as they separately arrived, but refused to pay for
the fourth car on arrival. Thereupon plaintiff refused to make
further shipments. *Held*, that, in view of the meaning placed
upon the contract by the parties in respect of time of payment,
plaintiff was clearly within his rights.

5. **Contracts:** CONSTRUCTION BY PARTIES. "The practical interpreta-
tion given their contracts by the parties to them while they are
engaged in their performance, and before any controversy has
arisen concerning them, is one of the best indications of their
true intent, and the courts will ordinarily enforce such con-
struction." *Cady v. Travelers Ins. Co.*, 93 Neb. 634.

6. ———: ———. In the absence of fraud or mistake, the mean-
ing placed upon a contract by the parties, which is silent in re-
spect of the time of payment, is ordinarily conclusive of their
respective rights.

7. **Appeal:** AFFIRMANCE. The assignments of alleged error exam-
ined, and *held* that reversible error does not appear.

APPEAL from the district court for Adams county:
HARRY S. DUNGAN, JUDGE. *Affirmed.*

*W. M. Whelan* and *Stiner & Boslaugh,* for appellants.
*Crow & Larsen,* contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN,
ALDRICH, DAY and FLANSBURG, JJ.

DEAN, J.

Plaintiff sued and recovered a verdict and judgment
for $989.79 under a contract for the sale of a quantity of
potatoes to the defendant company, which was engaged in
the produce business at Hastings. Defendant appealed.

October 16, 1919, plaintiff wired this offer to defendant:
"Offer 5 cars very fine U. S. No. 1 Red Kings sacked, two
fifty-five, delivered. May have one or two cars fancy
No. 1 Whites. Not sure. This stock all comes from one
man and will be graded and cleaned in nice shape. May
have load Gering account car shortage."

Defendant wired this reply: "Take five cars Kings
sacked your price. You have our confidence as a potato
man."

Within a week after the exchange of the telegrams, but
on different days, three cars of potatoes were shipped
to defendant. The first car was paid by defendant's
check. Plaintiff drew on defendant for the second and
third cars, as delivered, and each draft was paid on ar-
rival at destination. A few days thereafter a fourth car
was shipped to defendant. The bill of lading was accom-
panied by a draft, but it was protested and returned un-
paid. In about ten days another draft for the same car
was returned unpaid and subsequently a third draft was
dishonored. The suit followed.

Defendant pleaded that none of the four cars were of
the variety of potatoes which were represented in the
contract, and further pleaded that the potatoes were so
decayed, unsound, frosted, and unmarketable that there
was a loss of about $250 on the first and fourth cars be-
cause of such defects, and that because of plaintiff's
failure to deliver the remaining three cars it lost $1,260
in profits.

Defendant assigns as error the refusal to admit certain evidence offered. But no reference is made in the brief to the pages or to the places in the record where such evidence may be found. Supreme court rule 12d (94 Neb. XI) provides that the assignments of alleged error which are mentioned in a brief without reference to the pages in the abstract or bill of exceptions where the challenged ruling may be found will be deemed to have been abandoned. *Mensinger v. Ainsworth Light & Power Co.,* 94 Neb. 465.

Defendant introduced evidence tending to support the allegations of its answer with respect to the four cars which were delivered. The evidence introduced by plaintiff was to the contrary. No good purpose would be served by taking up space to discuss the evidence in detail. It is sufficient to say that it relates to disputed questions of fact which were submitted to and decided by the jury. We find, however, there is sufficient evidence to support the verdict, so that it will not be disturbed unless errors of law are pointed out and discussed which require a reversal of the judgment.

It will be noted that there is nothing in the contract—the telegrams constituting the contract—which definitely fixed the time of payment. In such case the rule in this state is that, when the time of payment is not fixed, a cash payment is contemplated. In *Baker v. McDonald,* 74 Neb. 595, we said: "Where the time of payment is not fixed by the contract of sale, the law presumes a cash sale, and, while title may have passed to the buyer, he is not entitled to possession until the full purchase price has been paid or tendered." In *Behrends v. Beyschlag,* 50 Neb. 304, where the time of payment was not fixed, it was held that delivery and payment were to be concurrent acts.

In Williston, Sales, 805, sec. 467, it is said: "If it be granted that upon a true construction a contract is divisible, the obligations of the buyer and seller in regard to any one instalment are for the most part to be deter-

mined as if that instalment constituted the whole contract. Thus, if no time is fixed showing an intention inconsistent with concurrent performance, the seller will not be bound to deliver the instalment until the buyer pays the price, and, conversely, the buyer will not be bound to pay the price unless the seller delivers the goods."

There is no ambiguity in the terms of the contract. True, it is silent with respect to the time of payment, but that feature is not important in view of the interpretation of the contract by the parties themselves, three cars having been separately paid for upon delivery. The only reasonable inference to be drawn from the conduct of the parties, with respect to time of payment, is that both of them contemplated that each car should be paid for upon delivery. In *Cady v. Travelers Ins. Co.*, 93 Neb. 634, it is said: "The practical interpretation given their contracts by the parties to them while they are engaged in their performance, and before any controversy has arisen concerning them, is one of the best indications of their true intent, and the courts will ordinarily enforce such construction."

Under the law and the facts before us, plaintiff was clearly within his rights. The conclusion is that reversible error has not been shown.

The judgment is

AFFIRMED.