CITIZENS NATIONAL BANK OF NORFOLK, APPELLEE, V. ERNEST A. SPORN, APPELLANT.

FILED JULY 26, 1927. No. 24794.

1. Contracts: FRAUDULENT REPRESENTATIONS: PROOF. In an action upon a contract, where the defense relied on is that the execution of the contract was induced through fraudulent misrepresentation of fact, defendant, to establish such defense, if it be denied by the plaintiff, must prove that the representations were made; that they were material; that he relied upon them; that they were false; and that he was injured thereby.

2. Appeal: INSTRUCTIONS. Ordinarily, the trial court should, by its instructions to the jury, submit only such issues as are raised by the pleadings and supported by evidence.

3. ———: ———: MATTERS NOT IN ISSUE. Generally, it is error for the trial court, by its instructions, to submit to the jury an issue not raised by the pleadings, if the submission of such issue is likely to prejudice the rights of one of the litigants.

APPEAL from the district court for Stanton county: ANSON A. WELCH, JUDGE. *Reversed.*

*Fay H. Pollock* and *M. F. Harrington,* for appellant.

*Charles H. Stewart, Charles H. Kelsey* and *W. P. Cowan,*
*contra.*

Heard before ROSE, DAY, GOOD and THOMPSON, JJ.,
ELDRED and HASTINGS, District Judges.

GOOD, J.

This is an action upon three promissory notes by the
payee against the maker of said notes. For a defense de-
fendant alleged that the notes, of which the ones in con-
troversy are renewals, were obtained and procured from
defendant by fraudulent misrepresentations, and that by
reason of the facts alleged the notes, of which the ones in
controversy are renewals, had been paid, and that there
was, therefore, no consideration for the notes on which the
action was founded. The trial resulted in a verdict and
judgment for plaintiff, and the defendant has appealed.

The record discloses the following pertinent facts: Mar-
tin Sporn, a brother of the defendant, was engaged in
selling automobiles and in operating a garage in the city
of Norfolk. The garage building was owned by the wife
of Martin. Martin Sporn was indebted to the plaintiff
bank to the full limit which the bank could lawfully lend
to one person. Mrs. Sporn was also indebted to the bank
in a considerable sum.

In March, 1920, Martin Sporn was in need of $4,500
to pay for a consignment of automobiles. He applied to
plaintiff for a loan and was refused because his line of
credit with the bank was exhausted. A note for $4,500
was prepared by the plaintiff, which Martin Sporn took
to his brother, the defendant, who resided on a farm a few
miles distant, and procured his signature thereto. This
note he delivered to the plaintiff and it gave him credit for
the $4,500, which he checked out and used in his business.
Defendant alleged in his answer that, prior to the note
being brought to him to sign, he had been interviewed by
officers of the bank and told of Martin's needs and re-
quested to sign a note, so that the money might be ad-
vanced to Martin; that he was then informed by the officers

of the bank of Martin's indebtedness to the bank, that they knew Martin's indebtedness and knew the extent and value of his property; that he was worth from $40,000 to $45,000; that Mrs. Martin Sporn was not indebted to the bank, and that defendant would incur no risk in signing the note. Defendant alleged that he relied upon these representations and that all of them were false, and this constitutes the fraud charged in the making of the first note. This note was renewed from time to time. The last of such renewals is dated October 15, 1921, and is one of the notes involved in this controversy. At the time of each renewal, with one exception, the interest was paid; whether by Martin Sporn or by defendant is a matter on which the evidence is in conflict. On one occasion, when the note was renewed, the interest was not paid, and a separate note for the interest, amounting to $150.75, was executed by defendant. This is another of the notes in controversy in this action.

In August, 1920, Martin Sporn had entered into an agreement with Stevens and Lynch, whereby he was to exchange his garage and personal property therein for a farm in Antelope county. In order to perfect this deal, he required the sum of $4,541.50 to pay for an automobile which was involved in the exchange transaction. On the 9th of August, 1920, an officer of the plaintiff and Martin Sporn visited the defendant in the country, and defendant was then informed of the proposed exchange by Martin with Stevens and Lynch, and he then executed a note to the bank for $4,541.50. The proceeds of this loan were placed to the credit of and used by Martin Sporn. From time to time partial payments were made upon this note, which was at intervals renewed for the unpaid balance. The last renewal, dated December 19, 1921, being for $2,400, is the third note involved in this action.

Defendant in his answer alleged that, when he was asked to sign this note, the officers of the bank represented to him that in the exchange of properties between Martin Sporn and Stevens and Lynch there would be approxi-

mately $18,000 in cash owing Martin, which would come into the possession of the plaintiff; that if defendant would sign the note for $4,541.50 this note and the previous notes, which he then owed the bank, would be paid and discharged out of the moneys so coming into the possession of plaintiff for Martin Sporn, and that Martin assented to this arrangement. It was further represented at said time that Martin was then worth from $40,000 to $45,000, and that the exchange transaction would be to his benefit and would increase his net worth. Defendant alleged that he believed and relied upon these representations and promises; that they were false; that the officers of the bank at the time did not intend to use the $18,000, or any part thereof, to pay the notes then held by plaintiff against defendant and also the one about to be executed, but intended to apply the money, when so received, to other obligations of Martin Sporn and his wife, which were held by the bank, and that this constitutes a fraud upon the defendant. Defendant further alleged that, in fact, the plaintiff did afterwards receive the sum of $18,000 for Martin Sporn from the exchange of his property to Stevens and Lynch, and that plaintiff did not apply the same in the payment and extinguishment of the notes signed by defendant, but applied the amount to the payment of other obligations held by it against Martin Sporn and his wife; that defendant had no knowledge that the money had been so paid and applied, and that, on the occasion of each renewal of the notes, plaintiff informed him that the deal had not been completed and the money had not been received.

The trial court refused to submit to the jury any defense based upon alleged misrepresentations by plaintiff concerning the amount and value of property owned by Martin Sporn, and the indebtedness of Martin and his wife. The refusal of the court to submit this issue constitutes the basis of a number of defendant's assignments of error.

It is a well-recognized rule that, in an action upon a

contract, where the defense relied on is that the execution of the contract was induced through fraudulent misrepresentations of fact, to establish such defense, the defendant must prove that the representations were made; that they were material; that he relied upon them; that they were false; and that he was injured thereby.

The evidence in this case tends to prove that the representations were made; that they were relied upon, and that they were false; but it does not very clearly appear that they were material, or that the defendant was injured thereby. The record fails to disclose whether Martin Sporn ever agreed to pay the notes or hold defendant harmless by reason of his execution of the notes in controversy, or the ones of which they are renewals. It does not satisfactorily appear that Martin Sporn was insolvent or that he has not reïmbursed the defendant or indemnified him against loss. Under the facts as disclosed by the record, we are of the view that the district court properly refused to submit this issue to the jury.

The only defense submitted by the trial court to the jury was whether plaintiff entered into an agreement with defendant, Martin Sporn assenting thereto, that the notes, executed by defendant, should be paid and discharged out of the $18,000, to be received by plaintiff for Martin in the exchange of the latter's property with Stevens and Lynch. The evidence discloses, without dispute, that at least $12,653 of the money did come into the possession of plaintiff, and that it was not applied to the payment of the notes executed by defendant, but was applied to the payment of other obligations held by the plaintiff against Martin Sporn and wife. In submitting this issue to the jury, the court qualified it by informing the jury that such defense would be valid if established by the evidence, provided the defendant did not know, at the time he executed the renewal notes, that the money belonging to Martin Sporn had come into the possession of plaintiff and had been used for other purposes than the payment of the notes executed by defendant; and the court further

instructed the jury that the undisputed evidence showed that plaintiff had received $12,653 of the money belonging to Martin Sporn, and that, if, prior to the execution of the renewal notes, defendant had knowledge thereof and that such money had been applied for other purposes, then defendant had ratified such application of the funds, and he would still be liable upon the notes. The giving of this instruction is assigned as error.

The question of ratification by defendant of plaintiff's use of Martin Sporn's money for the purpose of paying other obligations than those on which the defendant was liable was not presented by the pleadings. Plaintiff, by its denial, put in issue the question of making the agreement to apply the funds to the payment of defendant's notes. Plaintiff did not plead ratification or waiver, nor could it do so when denying the making of the agreement. The trial court submitted to the jury, and gave plaintiff the benefit of, an issue which was not raised by the pleadings. Ordinarily, the trial court should, by its instructions to the jury, submit only such issues as are raised by the pleadings and supported by evidence. And, generally, it is error for the trial court, by its instructions, to submit to the jury an issue not raised by the pleadings, if the submission of such issue is likely to prejudice the rights of one of the litigants.

In this case the submission of this issue tended strongly to prejudice the rights of the defendant. The giving of this instruction constitutes prejudicial error. Under the issues as presented by the pleadings, and where the undisputed evidence shows that plaintiff received upwards of $12,000 of Martin Sporn's money, the only question which should have been submitted to the jury is: Was there an agreement to apply that fund, when received, to the payment of defendant's notes? If such an agreement was established by the evidence, then the notes were, in fact, paid, and there was thereafter no indebtedness owing by defendant to the plaintiff and no consideration for the renewal notes, thereafter, given.

Defendant complains because the trial court refused to give instructions Nos. 1, 2, and 3, requested by him. Instructions 1 and 2, so requested, are incorrect statements of the law, because they authorized the jury to make a finding without requiring it to be based upon the evidence. Instruction No. 3, tendered by defendant, is, we think, a correct statement of the law, and it, or one similar to it, should have been given, instead of the instruction herein discussed and found erroneous.

Defendant complains because the trial court failed to instruct the jury that, if plaintiff made the promise to discharge defendant's notes out of the $18,000, to be received for Martin Sporn, and did not intend, at the time the promise was made, to perform it, but intended to apply the money, when received, for other purposes, such promise and intention constituted a fraud upon defendant.

Defendant's contention in this respect is well founded. Such promise, if made with the intention, at the time, that it would not be performed, would constitute fraud and would be a defense to the note then executed. However, we do not consider this error of much consequence. Since the undisputed evidence shows that plaintiff did receive of the money belonging to Martin Sporn the sum of $12,-653, under the pleading, if it is established that plaintiff made the promise and agreement to pay and discharge the notes then held by plaintiff against defendant, in consideration of his signing a new note for $4,541.50, and that all of the notes would be paid and satisfied from said fund, then, in fact, all of the notes were paid and discharged when plaintiff received the $12,653, and there would no longer exist any indebtedness from defendant to plaintiff.

Since the court erroneously instructed the jury to the prejudice of the defendant, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.