HATTIE REID, APPELLEE, V. JOSEPH J. BRECHET ET AL., APPELLANTS.

FILED JULY 6, 1928. No. 26142.

*William Baird & Sons,* for appellants.

*John A. McKenzie, contra.*

Heard before GOSS, C. J., DEAN, THOMPSON, EBERLY and HOWELL, JJ., and CHASE and REDICK, District Judges.

CHASE, District Judge.

This is an action brought by Hattie Reid against Joseph J. Brechet, C. Dean Glover and W. Gayle Spain, as individ-

uals, to recover damages growing out of an alleged conspiracy to defraud the plaintiff in the exchanging of lot 1, block 7, Hanscom Park Place, an addition to the city of Omaha, Douglas county, Nebraska, for property of the plaintiff located in Minneapolis, Minnesota. Joseph J. Brechet, who appears to be a resident of Minnesota, was not served with process and the trial court dismissed the action as to him. At the close of plaintiff's testimony the defendants and each of them moved for a directed verdict in their favor, which was denied by the trial court. The case then proceeded to further trial, was submitted to the jury, and the jury returned a verdict for the plaintiff, assessing her recovery in the sum of $3,700, whereupon appellants filed a motion for new trial, alleging numerous errors occurring at the trial, which motion was overruled.

The appellants in their brief rely upon nine separate assignments of error for reversal of the case. There is substantially the same principle involved in the first three assignments of error and they may be considered in conjunction in the disposition of the case.

The appellants' contention in this regard is that there was a fatal variance between the pleadings and the proof, in that the pleadings and the theory upon which the plaintiff relied for her recovery is based upon an alleged conspiracy to defraud her in the exchange of property, while the proof is wholly lacking as to any conspiracy having existed; but, if sufficient to support a verdict, must be upon the theory that W. Gayle Spain and C. Dean Glover were partners in the general real estate business located in the city of Omaha, Nebraska, and that Bayles Spain, the party with whom the plaintiff had practically all the negotiations in the transaction complained of, was the agent of the copartnership and represented it in the transaction had with the plaintiff.

In order to determine this question, it is first necessary to resort to the pleadings to ascertain the nature and theory of the action under which plaintiff seeks recovery. The first paragraph of plaintiff's petition is as follows:

"That on or about the 1st day of August, 1926, the defendants, and each of them, entered into a plan, scheme and conspiracy to cheat and defraud the plaintiff out of a large sum of money; that pursuant to said plan, scheme and conspiracy, the defendants, and each of them, sought to sell, convey and turn over to the plaintiff the property known as lot one (1), block seven (7), Hanscom Place, an addition to the city of Omaha, Nebraska, at a valuation greatly in excess of its real and true value."

The remainder of the petition sets forth elaborately and in detail a long list of alleged misrepresentations of fact concerning the quality of the property sought to be exchanged, its repair and general condition, upon which the plaintiff relied in closing the transaction. Nowhere in said petition does it appear, nor is there an allegation of a partnership relation existing between these two defendants, nor is it alleged in the petition that the said Bayles Spain ever made any representations whatever, but all of the misrepresentations complained of in the petition are alleged to have been committed by the two defendants C. Dean Glover and W. Gayle Spain.

The defendants' answer to the petition for all practical purposes may be considered a general denial in that it denies the alleged conspiracy and does not admit any partnership relation or agency existing between these defendants and Bayles Spain.

The reply is a general denial of all statements in the answer except such as are admitting the facts in the petition.

From the pleadings this action must be considered one in tort growing out of a conspiracy. So far as the evidence of fraud is concerned, reflected by the record, we are unable to find a syllable of testimony substantiating the allegations of the petition concerning the existence of any conspiracy. By the testimony of the plaintiff it appears that she never had any conversation whatever with the defendant W. Gayle Spain concerning the transaction, neither did she have any conversation whatever with the defendant C.

Dean Glover concerning the transaction, until after the contract of purchase had been entered into by her; that all of her negotiations up to the time of the execution of said contract had been with one Bayles Spain, who was not a member of the real estate firm.

In the testimony of Bayles Spain he states that he is a brother of W. Gayle Spain and that the defendants are partners in the real estate business, and by the testimony of the defendant Glover, by way of preliminary explanation of his relationship to the case, he testifies that he is a partner in the real estate business with W. Gayle Spain. The case was submitted to the jury on the theory of a partnership relation existing between these defendants, and not on the theory of a conspiracy. At the close of the evidence, which, if it established anything, established a partnership relation existing between the defendants and that Bayles Spain was the agent of the partners, the plaintiff did not move the court to permit her to amend the pleadings to conform to the proof, but depended upon the record as it stood to support her recovery in the action.

In order to dispose of this question logically, it will be necessary to analyze the distinction which exists between actions based upon conspiracy and actions upon liability growing out of partnership relations. " 'Civil conspiracy' is a combination of two or more persons to accomplish, by concerted action, an unlawful or oppressive object, or a lawful object by unlawful or oppressive means." *National Fireproofing Co. v. Mason Builders Ass'n*, 169 Fed. 259, 26 L. R. A. n. s. 148. While it is not necessary for a recovery in an action based upon a conspiracy to join all of the conspirators, the theory of the law is that they are joint tortfeasors, and that any one or all are liable for any injury resulting from such conspiracy; so that in the present action it was not necessary for the plaintiff to join Bayles Spain with the defendants upon the theory of conspiracy, but it was necessary to support the allegations of the petition by facts amounting to a conspiracy resulting therefrom in

order to have the case submitted to the jury upon the theory of the pleadings.

An action of conspiracy sounds essentially in tort. An action against copartners for fraud committed by their agent, while in tort, yet the general liability grows out of a contractual relationship existing between the copartners. The principle element of conspiracy is an agreement or understanding between two or more persons to inflict a wrong against or injury upon another. It involves some mutual mental action coupled with an intent to commit the act which results in injury. Without the scienter persons cannot conspire. On the other hand, copartners may become jointly and severally liable to an injured party for fraud committed by their agent, even though they may have no knowledge whatever of the misrepresentations or the transactions, if done by their duly authorized agent while acting within the scope of his authority. The liability grows out of the contractual relationship of the parties, and for that reason the misconduct of the agent is legally imputable to his principals. In other words, if the members of the firm set in motion the agency that perpetrates the fraud, they are liable to the injured party, notwithstanding they were without knowledge that a wrong was inflicted, while actions for conspiracy, in theory of law, proceed upon a very different principle. This court in the recent case of *Citizens Nat. Bank v. Sporn,* 115 Neb. 875, laid down this rule: "Generally, it is error for the trial court, by its instructions, to submit to the jury an issue not raised by the pleadings, if the submission of such issue is likely to prejudice the rights of one of the litigants."

The trial court in giving instruction No. 1 stated in part as follows:

"So that the only persons whose liability you have to consider is that of the defendant Glover and the defendant W. Gayle Spain, who, it is admitted, were partners in the real estate business when the exchange of the plaintiff's property for the Omaha property was effected."

Instruction No. 5, given by the trial court, is as follows:

"As already stated, this action is based upon alleged false and fraudulent representations made by the defendants, or by Bayles Spain who was in the employ of the other defendants, and whose representations, if any were made by him, would be binding upon the defendants."

Instruction No. 7, given by the trial court, is as follows:

"If you find that the defendants, or their agent, or employee, made any representations to the plaintiff during the negotiations which finally resulted in her purchase of the property in the first days of October, 1926, and that the plaintiff relied upon such representations, and that by any statement or act of the defendants she was influenced or dissuaded or in any way prevented from inspecting the premises prior to her purchase, in October, you are instructed that in such case she would be justified in relying upon any such representations, and in purchasing the property without actually inspecting it; and if under these circumstances you find any such representations to have been false, the defendants would be liable for any damages resulting from any such false representations."

An interpretation of these instructions convinced us that this case was submitted to the jury upon the theory of a partnership relation existing between these two defendants, and upon the theory that their liability, if any, grew out of the fact that Bayles Spain was their agent. We find no case where conspirators can commit acts by agents, as a conspiracy, in itself, is an unlawful arrangement, and, being such, it is very doubtful whether it, or any member of it, could employ an agent to carry out and perpetrate its unlawful design. There can be no doubt that a partnership, or each individual member, may be liable for fraud committed by any one of its members or by its agents, but in order to recover upon the theory of partnership relation it is necessary to allege such partner-

ship relation to base a recovery thereon. The function of the pleadings is to state the issues involved and the facts upon which the parties rely for their success in the action. Certainly the defendants in this case would have a right to know upon what theory the plaintiff was going to proceed and a right to rely upon plaintiff's statement of the case in order that the defendants might meet the plaintiff's evidence. The evidence must support the allegations in the petition or judgment in plaintiff's favor cannot be sustained. *Traver v. Shaefle,* 33 Neb. 531; *Elliott v. Carter White-Lead Co.,* 53 Neb. 458. Certainly the defendants were misled by proof of a relationship upon which a liability was sought different from that set forth in the pleadings, and, being misled, the action of the trial court in submitting the case to the jury on a different state of facts than those disclosed by the pleadings was prejudicial to the rights of the defendants. The whole case seems to have been tried below on the theory of liability growing out of partnership relation, while the pleadings allege an action in conspiracy. We are unable to find where this particular proposition is discussed by the appellee in her brief and we find no cases cited asserting a contrary doctrine. From an examination of the record, we reach the conclusion that the trial court, not only committed error in refusing to sustain a motion to direct a verdict for the defendants, but also in the submission of the case to the jury upon its merits on the theory of partnership liability.

It would serve no purpose to discuss further the other propositions relied upon for reversal in this case as the one herein discussed fully disposes of the whole matter.

REVERSED AND REMANDED.

The following opinion on motion for rehearing was filed September 19, 1928. *Rehearing denied.*

PER CURIAM.

The opinion in this case was adopted on the 6th day of July, 1928, and is reported, *ante,* p. 411. The attorney

418

for appellee was furnished with the record in the case by the clerk of this court on the 13th day of July, 1928. The motion for a rehearing was filed on the 7th day of August, 1928, but up until the present time, to wit, September 11, 1928, the record has not been returned by appellee's attorney. It is provided by rule 17 (c) of this court, as follows: "If the party filing the motion for rehearing withholds the record for a period of five days from the filing of the motion, the motion will be denied as of course." The foregoing rule becomes a material part of a proceeding in this court to which it applies.

REHEARING DENIED.