JOHN POTACH, APPELLANT, V. ROBERT J. HRAUDA, APPELLEE.

271 N. W. 795

FILED MARCH 5, 1937. No. 29831.

John C. Barrett, for appellant.

Cook & Cook and Wear, Boland & Nye, contra.

Heard before GOSS, C. J., DAY and CARTER, JJ., and TEWELL and YEAGER, District Judges.

CARTER, J.

The plaintiff commenced this action against the defendant to recover damages resulting from an automobile collision. The defendant filed a cross-petition alleging that the collision was the result of plaintiff's negligence and praying for a judgment for the damages he suffered. The jury found against plaintiff on his petition and against defendant on his cross-petition. Judgment of dismissal was entered by the court. From the overruling of his motion for a new trial, plaintiff appeals.

The record discloses that on September 7, 1932, plaintiff was driving west on highway No. 30 and at a point approximately two miles west of Ames, Nebraska, collided with defendant's truck. Plaintiff testified that he saw defendant's truck approaching on the wrong side of the highway, that he drove his car to the north and right-hand side of the pavement to avoid an accident, but that defendant came straight down the pavement on the wrong side of the road and crashed into his car.

The defendant testified that he observed plaintiff's car coming down the highway on the wrong side of the road. He testified that he pulled his truck to the right so that the front wheels were almost off the pavement, that he stopped his truck and that plaintiff crashed into the side of the

truck. The evidence also shows that the rear-housing of the truck was driven back by the impact to such an extent that the drive shaft was disconnected from the universal joint, making it impossible for the truck to move under its own power after the accident. Defendant produced two witnesses, Martin and Shoemaker, who were driving west from Ames just prior to the happening of the accident in question. They both testified that, shortly before they came upon the scene of the accident, a model-T Ford truck, which they later identified as the one in which plaintiff was riding at the time of the collision, passed them on the highway, and that at all times while it was within their view it was traveling on the left-hand side of the road. They testified that, within a few seconds after it passed from their view, they came upon the scene of the accident. The evidence discloses that the Ford truck was in the ditch on the north side of the highway headed south, and that defendant's truck was on the south side of the highway headed in a southeasterly direction with the right front wheel on the dirt shoulder of the highway. The only question for the jury to determine was which car was on the wrong side of the highway at the time of the accident. The jury determined that plaintiff had failed to sustain his allegation that defendant was driving on the wrong side of the road. The evidence is clearly sufficient to sustain this finding by the jury. A verdict of a jury in a law action based upon conflicting evidence will not be disturbed unless clearly wrong. It appearing that the evidence is sufficient to sustain the verdict, this court will not disturb the judgment entered thereon. *Boehler v. Kraay,* 130 Neb. 233, 264 N. W. 745.

Plaintiff contends that the court unduly restricted him in his attempt to produce evidence of the location of oil spots and glass in and about the scene of the accident. The witnesses produced did not arrive at the scene of the accident until almost three hours after it occurred. There is evidence in the record that there was much traffic over the highway and that the glass had been kicked and swept off

the pavement to prevent damage to tires. We find no prejudicial error in the ruling of the trial court, under the circumstances of this case, that the evidence tendered was too remote.

Plaintiff also complains of certain instructions given by the court. The alleged errors therein relate to and have a bearing upon the amount of the recovery only. In view of the fact that the jury determined that there was no liability on the part of defendant, the plaintiff was not prejudicially injured by them.

The judgment of the trial court is in all respects correct and it is

AFFIRMED.