EDNA M. PERRINE, APPELLANT, v. HAROLD HOKSER, APPELLEE.
62 N. W. 2d 677

Filed February 19, 1954. No. 33434.

*Perry & Perry* and *W. W. Nuernberger,* for appellant.

*Stewart & Stewart* and *William H. Meier,* for appellee.

Heard before CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

Appellant sought to recover damages from appellee on the basis that injury to her person and property by the collision of an automobile operated by appellant and a motor vehicle driven by appellee was caused by his negligence. A verdict for appellee was the result of the trial in the district court. A judgment was rendered in harmony with the verdict.

Appellant alleged that on or about October 15, 1951, at about 4 o'clock in the afternoon she was operating her automobile in a careful manner in an easterly direction on B Street between Tenth and Eleventh Streets in the city of Lincoln; that appellee was driving an automobile towards the east on B Street near the loca-

tion of the car of appellant in a careless and negligent manner; that appellee attempted to pass the car of appellant from the rear and in doing so failed to allow sufficient clearance on the right side of his vehicle for the car of appellant; that appellee turned his vehicle to the right in the street before there was clearance of the car of appellant as it was traveling to the east; that appellee ran his vehicle into, against, and upon the car of appellant; that appellee failed to have his vehicle under control; that he failed to yield the right-of-way to appellant; that appellee failed to keep a proper lookout for the car of appellant; that the vehicles collided as a proximate result of the said careless and negligent acts and omissions of appellee; and that multiple and serious injuries were caused appellant and these resulted in permanent disability. She pleaded and asked recovery of damages in a large amount.

Appellee by his answer admitted that at the time stated his automobile and one operated by appellant came in contact with each other at the place described by her; denied all other matters alleged by her; alleged that appellee was at the time the automobiles came in contact with each other operating his automobile in a careful and prudent manner; and that the contact of the cars with each other and any damage resulting to appellant were proximately caused or contributed to by her negligence which was more than slight compared to any negligence of appellee.

Appellant denied the contents of the answer of appellee and alleged that the negligence of appellee was gross in character.

Appellant claims prejudice because the trial court did not include in the charge to the jury instructions No. 2 and No. 6 tendered by her. The first of these proposed that the jury be advised that if it found that appellee failed to give an audible signal of his intention to pass the car of appellant that this omission would constitute a violation of the statutes of Nebraska, would

not necessarily constitute negligence, but should be considered with the other evidence in the case in determining whether or not the appellee was guilty of negligence which caused or contributed to the accident. The other proposal was in substance that the law of the state requires a motor vehicle to have a horn or other audible signal device capable of being heard for at least 200 feet; that it is the duty of a driver of an overtaking vehicle to give an audible signal of his intention to pass another motor vehicle; and that if the jury found that appellee passed the automobile of appellant without giving an audible signal of his intention to do so his failure in this regard should be considered by the jury as evidence of negligence.

The essence of the complaint made because of the refusal of the proposed instructions alluded to above was that the court was wrong in not instructing the jury that the failure of appellee to sound the horn on his automobile at the time he attempted to pass the car of appellant was evidence of negligence competent for the jury to consider with all the other evidence in deciding the issue of negligence of appellant. The refusal of the court was justified in this respect by the absence from the petition of appellant of a charge that appellee failed to sound his horn and that the failure to give a signal of his intention to pass the car of appellant caused or contributed to the collision of the vehicles. Any instruction on the failure of appellee to give a signal of his intention to pass the car of appellant would have given her the benefit of a specification of negligence not claimed by her as a part of her cause of action. It is error for the trial court to submit to the jury an issue not raised by the pleadings. Citizens Nat. Bank v. Sporn, 115 Neb. 875, 215 N. W. 120; Reid v. Brechet, 117 Neb. 411, 220 N. W. 590. The requirement of the law is that instructions given by the trial court be confined to the issues pleaded and supported by evidence. Becks v. Schuster, 154 Neb. 360, 48 N. W. 2d 67.

The first tendered instruction noticed above is not a correct statement. of any rule of law. It asserts that failure of appellee to give an audible signal was a violation of the statute. The statute quoted in the proposal does not require an operator of a motor vehicle to give such a signal before passing another car moving in the same direction. § 39-7,109, R. R. S. 1943. The obligation imposed by the statute is that the driver of an overtaken vehicle shall give way in favor of the overtaking vehicle on the giving of an audible signal. The assertion of the tendered instruction No. 6 that it is the duty of a driver of a motor vehicle to give an audibile signal of his intention to pass another vehicle overtaken by the former is not true. The duty of the operator of a motor vehicle to signal depends upon the circumstances of the case. It is ordinarily a matter for the jury to decide whether or not under the circumstances before it the driver should have given a signal. Tews v. Bamrick, 148 Neb. 59, 26 N. W. 2d 499; Adams v. Welliver, 155 Neb. 331, 51 N. W. 2d 739. The action of the trial court in refusing the proposals of appellant discussed above was correct.

Appellant complains of the refusal of her requested instructions No. 4 and No. 5. The first of these was to the effect that it was negligence as a matter of law for a passing motor vehicle not to clear the overtaken vehicle before returning to the right lane of travel. The other proposal was in substance that it is negligence as a matter of law for the passing vehicle to interfere with the right-of-way of the overtaken vehicle. Appellant has not directed the court to any decision that acts of this character are negligence as a matter of law. A search has failed to lead to a determination by this court that it is negligence as a matter of law to fail to clear an overtaken vehicle when passing it. That is an improbable conclusion because it would mean that a passing operator of a motor vehicle would be negligent as a matter of law although the driver of the over-

taken car turned into the side of the passing car. The effect of the proof in this case tends to establish that is what caused the accident here complained of. Johnson v. Schrepf, 154 Neb. 317, 47 N. W. 2d 853, says: "Where the driver of a motor vehicle upon a public highway, in attempting to pass another vehicle from the rear, operates his vehicle in such a manner as to strike the other vehicle in passing, he is ordinarily guilty of negligence when the driver of the vehicle being passed is without fault." The proposals of appellant disregarded the qualification or condition expressed by the words "when the driver of the vehicle being passed is without fault." An instruction which does not state the law should be refused. Likewise it is not improper for the trial court to withhold from the jury a correct tendered instruction if the substance of it is included in instructions given. Peacock v. J. L. Brandeis & Sons, 157 Neb. 514, 60 N. W. 2d 643. The court, by the charge given, told the jury that the laws of Nebraska provide that the driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance, and shall not again drive to the right of the roadway until safely clear of the overtaken vehicle. The court also advised the jury that if it found from the evidence that any of the parties violated any of the laws of the State of Nebraska, as set out in these instructions, the violation thereof was not in and of itself negligence as a matter of law but the violation was evidence of negligence which it should consider together with all the other evidence in the case to determine whether or not the parties or any of them were guilty of negligence.

An assignment of error relates to the refusal to give instruction No. 3 tendered by appellant. This concerned an ordinance of the city of Lincoln. The petition made no mention of it. Courts do not generally take judicial notice of a municipal ordinance. Pleading and proof thereof are required. This requirement was ap-

plicable here. There was no general allegation of negligence. Spomer v. Allied Electric & Fixture Co., 120 Neb. 399, 232 N. W. 767; Carter v. Zdan, 151 Neb. 185, 36 N. W. 2d 781. The ordinance was not offered by appellant as proof in her case-in-chief. Her offer of it was a part of her objection to an offer of evidence by appellee while he was making his case. The offer of appellant was rejected by the court. The action of the court in this regard is not assigned as error. The offer of the ordinance was not renewed as' rebuttal evidence, neither did appellant attempt to withdraw her rest and have it included as a part of her case-in-chief. The action of the court in rejecting her tendered instruction No. 3 was not error.

The assignment that the trial court erred in giving instructions Nos. 5, 6, 7, 8, 16, and 17, and each of them, is not discussed or again mentioned in the brief of appellant, except as the instructions enumerated or some of them pertain to the duty of a motorist to give an audible signal of his intention to pass another vehicle and to his duty to clear the overtaken vehicle. It will not be further considered. Errors assigned by appellant but not discussed by him will be considered waived and will not be examined by this court. Schluter v. State, 153 Neb. 317, 44 N. W. 2d 588; Johnson v. Richards, 155 Neb. 552, 52 N. W. 2d 737.

The errors claimed by appellant which have not been discussed herein relate to evidence produced by appellee in reference to the physical condition of appellant and the subject of damages. The evidence was sharply in conflict as to the manner and cause of the collision of the automobiles. The trial court properly submitted the issue of negligence of appellee and the issue of contributory negligence of appellant to the jury and fully advised it of the doctrine of comparative negligence and its effect. The verdict for appellee was necessarily a finding either that he was not chargeable with negligence which proximately caused or contributed to the

accident or that appellant was guilty of such contributory negligence as deprived her of any recovery. The jury did not reach the question of damages in this case. Any incorrect ruling of the court that concerned the matter of damages was error without prejudice. The finding of the jury that appellant had no cause of action against appellee foreclosed the possibility of prejudicial error in the receipt or rejection of evidence on the subject of damages. In re Estate of Potts, 144 Neb. 729, 14 N. W. 2d 323, states the rule: "Where a jury found the defendant to be free from negligence in a personal injury action, an error in the instruction stating the measure of damages is necessarily harmless." See, also, Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., 146 Neb. 47, 18 N. W. 2d 551; Potach v. Hrauda, 132 Neb. 288, 271 N. W. 795; Murphy v. Shibiya, 125 Neb. 487, 250 N. W. 746; Mensinger v. Ainsworth Light & Power Co., 94 Neb. 465, 143 N. W. 475; Whiteside v. Adams Express Co., 89 Neb. 430, 131 N. W. 953.

The judgment should be and it is affirmed.

AFFIRMED.